UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER A. ALLEN, JR.,

      Petitioner-Defendant,

v.

                                    Crim. No. 99-CV-74295-DT
                                      Civil No. 95-CR-81146-DT-01

UNITED STATES OF AMERICA,

                                      Honorable Patrick J. Duggan

      Respondent-Plaintiff.

_____/

**OPINION AND ORDER**
**TRANSFERRING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT**
**PURSUANT TO FED. R. CIV. P. 60(b)(6) TO THE UNITED STATES COURT OF**
**APPEALS FOR THE SIXTH CIRCUIT**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 8, 2005.

PRESENT:          THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

     This matter is currently before the Court on Petitioner's Motion for Relief from

Judgment pursuant to FED. R. CIV. P. 60(b), filed April 15, 2005. For the reasons set forth

below, Petitioner's Motion shall be denied.

**I.**    **Background**

     Christopher A. Allen, Jr. ("Petitioner")is presently confined at the Federal Medical

Center in Lexington, Kentucky. In December 1995, Petitioner was one of twenty-one

defendants indicted by a grand jury in the Eastern District of Michigan on charges of

violating the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(d), conspiracy to distribute marijuana and cocaine, 21 U.S.C. § 846, violating the Travel Act relating to drug sales in Ohio, 18 U.S.C. § 1952, and using a telephone facility to facilitate the drug conspiracy, 21 U.S.C. § 843(b). On September 27, 1996 a jury found Petitioner guilty of the offenses listed above. On July 23, 1997, Petitioner was sentenced to 360 months on the RICO and drug conspiracy counts, 240 months on the Travel Act violation, and 48 months on the telephone counts.

On July 28, 1997, Petitioner filed a claim of appeal. The sole issue Petitioner raised on appeal was that he was denied a fair trial when the government introduced testimony concerning a rape which occurred during the commission of an armed robbery charged against a codefendant, in which Petitioner had not participated. On March 15, 1999, the Sixth Circuit affirmed Petitioner's convictions.

On September 16, 1999, Petitioner filed a motion seeking to set aside his conviction pursuant to 28 U.S.C. § 2255, contending that counsel was ineffective in failing to raise the following issues on direct appeal: 1) that the proper statutory maximum for the conspiracy to distribute marijuana and cocaine and the Travel Act violation is five years for each, and therefore, his sentence of 360 months on the conspiracy count and 240 months on the Travel Act violation is unconstitutional; 2) that the two-level enhancement that Petitioner was assessed for possession of a firearm during the commission of a drug offense was incorrect; 3) that the government failed to establish the effect that the RICO "enterprise" had on interstate commerce; and 4) that the government failed to prove an enterprise separate from the pattern of racketeering. On October 13, 1999, Petitioner filed a motion to amend his

petition to add two additional issues: 1) that his sentences of 360 months on the RICO convictions exceeded the statutory maximum allowable sentence; and 2) that there was en error in the drug calculations used to set his sentencing guideline range.

On March 31, 2000, this Court entered an order granting in part and denying in part the original petition; the petition reduced the sentence on the drug conspiracy and Travel Act convictions to five years each.

On April 18, 2000, Petitioner filed a motion to alter of amend judgment in which he noted that the Court's Opinion and Order of March 31, 2000 did not address the issues raised in his amended petition.  On October 10, 2000, this Court denied Petitioner's motion to amend his petition.

On December 11, 2000 defendant filed a notice of appeal and an application for a certificate of appealability, which was granted on January 24, 2001.  On November 5, 2003, the Sixth Circuit affirmed this Court's denial of Petitioner's § 2255 motion.

## II.   Applicable Law and Analysis

Petitioner seeks relief from this Court's Order of March 31, 2000, which dismissed Petitioner's § 2255 motion.  Petitioner contends that this Court should grant his Motion pursuant to FED. R. CIV. P. 60(b)(5) and (6).  Rule 60(b) provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from final judgment, order, or proceeding for the following reasons: . . . (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of judgment.

FED. R. CIV. P. 60(b).

3

2:95-cr-81146-PJD   Doc # 705   Filed 07/08/05   Pg 4 of 5   Pg ID 317

At issue is whether FED. R. CIV. P. 60 is available to Petitioner where he has already made an unsuccessful § 2255 motion or whether Petitioner's motion must be treated as a request for authority to file a second or successive § 2255 motion.   As the Sixth Circuit set forth in *Abdur'Rahman v. Bell*, 392 F.3d 174 (6th Cir. 2004), where "'the motion's factual predicate deals primarily with some irregularity or procedural defect in the procurement of the judgment denying habeas relief,' then it should be treated within the usual standards governing Rule 60(b) relief." *Smith v. Anderson*, 402 F.3d 718, 723 (6th Cir. 2005)(quoting *Abdur'Rahman*, 392 F.3d at 181).   In comparison, "'[w]hen the motion's factual predicate deals primarily with the constitutionality of the underlying . . . conviction or sentence,' the motion should be treated as a second or successive [habeas] petition." *Id.*

In this case, Petitioner's claim for relief in his pending motion is based on a "factual predicate [that] deals primarily with the constitutionality of [his] underlying conviction or sentence." Petitioner asks the Court to vacate its previous denial of his § 2255 motion based on intervening Supreme Court law that renders his sentence unconstitutional.  Specifically, Petitioner contends that the Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 266, 120 S. Ct. 2348 (2000), *Blakely v. Washington*, 542 U.S. ___, 124 S. Ct. 2531 (2004), and *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738 (2005), render his sentence unconstitutional as "the Court increased his Offense Level computation by twenty (20) points to a total of forty (40) points based completely on 'judge made findings of fact.'" (Mot. at 16).  The Court therefore treats Petitioner's pending motion as a second or successive habeas petition.

As a result, the Court concludes that it lacks jurisdiction to consider Petitioner's

4

2:95-cr-81146-PJD   Doc # 705   Filed 07/08/05   Pg 5 of 5   Pg ID 318

requested relief and that his motion must be transferred to the Sixth Circuit pursuant to 28

U.S.C. § 1631. *See* 28 U.S.C. §§ 2244(d)(3) & 2255 and Rule 9 of the Rules Governing

Section 2255 Proceedings (requiring a petitioner to obtain authorization from the court of

appeals before a second or successive habeas application can be filed in the district court);

*In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (stating that a district court must transfer a second

or successive petition to the court of appeals pursuant to 28 U.S.C. § 1631).

Accordingly,

**IT IS ORDERED** that the Clerk of the Court **SHALL TRANSFER** Petitioner's

motion to the United States Court of Appeals for the Sixth Circuit  pursuant to 28 U.S.C. §

1631.


s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Christohper A. Allen, Jr. #21044-039
FMC Lexington
P.O. Box 14500 B.G.
Lexington, KY 40512

Michael C. Leibson, AUSA

5